NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4073
_____

UNITED STATES OF AMERICA

v.

JOSE GONZALEZ,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-14-cr-00448-001)
District Judge:  Honorable John R. Padova

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2017

BEFORE:  CHAGARES, JORDAN, and NYGAARD, *Circuit Judges*

(Filed: May 24, 2018)
_____

OPINION*
_____

NYGAARD, *Circuit Judge.*

Appellant Jose Gonzalez pleaded guilty to possessing and manufacturing child

pornography.  The District Court sentenced him to 420-months' imprisonment, a

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

sentencing that falls within the applicable guidelines range. He now appeals, arguing that the District Court erred by failing to group his two manufacturing counts. We will affirm.

I.

This appeal involves issues which relate solely to Gonzalez' sentence, so we will provide just a cursory outline of the background facts. Gonzalez was arrested after discussing with undercover police officers on the internet sexual acts he undertook with a child in his care. After executing a search warrant and seizing his cell phone and other electronic devices[1], Gonzalez confessed to the sexual abuse and to photographing this molestation. He also confessed to distributing these photographs over the internet.

His pre-sentence report divided Gonzalez' manufacturing crimes into two separate groups: Group I for the first photograph Gonzalez manufactured of the child; and Group II for the photograph he manufactured of the actual sexual abuse.[2] The base offense level for Group I was pegged at 32. Pursuant to USSG § 2G2.1(b)(1)(A), an additional four levels were added because the victim was two years old at the time of the offense. The

---

[1] A forensic examination of Gonzalez' electronic devices revealed more than 19,000 images of child pornography, which Gonzalez traded over the internet; photographs Gonzalez took of the child while he sexually abused her, naked photographs of Gonzalez himself, and thousands of email messages to others in which Gonzalez detailed his interest in sexually abusing the child in his care.

[2] Section 3D1.2 of the Sentencing Guidelines provides, in pertinent part, that:
All counts involving substantially the same harm shall be grouped together into a single Group. Counts involve substantially the same harm within the meaning of this rule ... (d) [w]hen the offense level is determined largely on the basis of the total amount of harm or loss, ... or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior. U.S.S.G. § 3D1.2(d).

base offense level was further augmented by two more levels because the offense involved the committing of a sexual act; by two more levels because the offense involved distribution, and by two levels because the victim was under Gonzalez' care and supervision. These increases resulted in a final base offense level of 42. The offenses in Group II, which involved photographs of Gonzalez sexually abusing the child, received the same base offense level—42.

At sentencing, Gonzalez objected to the way the PSR grouped his crimes but the District Court denied his objection. The Court then determined that Gonzalez' offense level was a 42 and that his advisory guidelines range was 360-months to life imprisonment. After considering mitigation witnesses, and denying Gonzalez' request for a variance, the District Court sentenced him to 420-months' imprisonment, which was within the guidelines rage. Gonzalez timely appealed his sentence. On appeal, Gonzalez argues that the District Court erred by treating his two manufacturing counts as two distinct groups of conduct, instead of grouping them pursuant to U.S.S.G. § 3D1.2.

II.

A.

Gonzalez and the Government disagree as to the applicable appellate standard of review. We recently explained that ""we review the District Court's interpretation of the Sentencing Guidelines *de novo*," its "findings of fact for clear error [,]" and its "application of the Guidelines to facts for abuse of discretion." *United States v. Metro*, 882 F.3d 431, 437 (3d Cir. 2018) (quoting *United States v. Kluger*, 722 F.3d 549, 555 (3d Cir. 2013) (citations omitted)). The federal sentencing guidelines are to be understood

3

according to their "plain and unambiguous language[.]" *Kluger*, 722 F.3d at 556 (quoting *United States v. Wong*, 3 F.3d 667, 670 (3d Cir. 1993)). We also treat commentary that interprets or explains a specific guideline to be "authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993).

However, this appeal presents a somewhat more nuanced issue. Here, Gonzalez argues that the District Court erred by not determining that his manufacturing of child pornography offenses were part of a common scheme or plan that should have been grouped together under U.S.S.G. § 3D1.2. Because such a determination is essentially factual, we review only for clear error. *United States v. Griswold*, 57 F.3d 291 (3d Cir. 1995) (citations omitted). And, when reviewing the appropriateness of a grouping, we afford substantial deference to a district court. *Id.* Applying this highly deferential standard, we are satisfied that the District Court did not clearly err by refusing to group Gonzalez' offenses for sentencing purposes.

B.

Gonzalez argues that the District Court mistakenly separated his two manufacturing offenses because his crimes involved the same victim and are connected by a common objective. He points to U.S.S.G. § 3D1.2(b) which states that counts which involve the "same victim and two or more acts or transactions connected by a common scheme or plan" are to be grouped together.

An application note for U.S.S.G. § 3D1.2 further explains that offenses should be grouped together for sentencing when they are "part of a single course of conduct with a

4

single criminal objective and represent essentially one composite harm to the same victim." U.S.S.G. § 3D1.2, comment., n. 4. The note goes on to provide a specific example: "two counts of mail fraud and one count of wire fraud, each in furtherance of a single fraudulent scheme . . . even if the mailings and telephone call occurred on different days" should be grouped. *Id*. Of particular importance to this appeal, the application note additionally instructs that "two counts of rape for raping the same person on different days . . . *are not* to be grouped together." *Id*. (emphasis in original). *See also Griswold*, 57 F.3d at 296 ("The Sentencing Commission, in its wisdom, saw fit to decide that multiple counts of rape . . . not be grouped together when dealing with the same victim.").

Here, the District Court correctly concluded that Gonzalez' offenses constitute two separate instances of producing child pornography. The first offense involved a pornographic photograph of the young child. The second offense was a pornographic image involving the child as she was sleeping in the same bed as Gonzalez which he manufactured while he was communicating with the undercover detective. The production of each image subjected the child to explicit sexual assault, causing her to suffer separate and distinct harms. *See, e.g., United States v. Wise*, 447 F.3d 440, 446 (5th Cir. 2006). Indeed, as one court has explained, "two episodes of sexual misconduct that society has legitimately criminalized occurring with the same person on different days are not 'substantially the same harm' for purposes of section 3D1.2." *United States v. Vasquez*, 389 F.3d 65, 77 (2d Cir. 2004).

We reject Gonzalez' argument that his offenses were connected to a common criminal purpose: the sharing or trading of images of child pornography with other troubled individuals. The record reveals that Gonzalez had a large collection of child pornography, and he was sharing and trading these images on the internet since 2013. This was about a year before he manufactured pornographic images of the child in his care. We see a discernible difference between the sharing or trading of images previously manufactured images of child pornography and Gonzalez' manufacturing images of the child. We agree with the Government that there is no commonality between the receipt, possession, and distribution of images of child pornography and the sexual exploitation of the child a year later.

The District Court committed no error, much less a clear one, by refusing to group these two offenses. We will affirm Gonzalez' sentence.